10-4815-ag
Lin v. Holder

BIA
A098 492 043

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 17th day of February, two thousand twelve.

PRESENT:
> DENNIS JACOBS,
> > *Chief Judge,*
> RAYMOND J. LOHIER, JR.,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

_____

QIAN LIN,
> *Petitioner,*

v.                                          10-4815-ag
                                            NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL
> *Respondent.*

_____

FOR PETITIONER:          G. Victoria Calle, Calle & Associates, New York, New York.

FOR RESPONDENT:          Tony West, Assistant Attorney General; Linda S. Wernery, Assistant Director; Theodore C. Hirt, Attorney, Office of Immigration

**Litigation, Civil Division, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Qian Lin, a native and citizen of China, seeks review of an October 29, 2010, order of the BIA denying her motion to reopen her removal proceedings. *In re Qian Lin*, No. A098 492 043 (B.I.A. Oct. 29, 2010). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). The BIA did not abuse its discretion because Lin's motion was untimely as it was filed more than 90 days after her final removal order. *See* 8 U.S.C. § 1229a(c)(7)(C)(i). She argues that she is not bound by the 90-day time limit because her motion included a successive application for asylum under 8 U.S.C.§ 1158(a)(2)(D), and thus is not governed by § 1229a(c)(7)(C)(i). This argument is foreclosed by our

2

decision in *Yuen Jin v. Mukasey*, 538 F.3d 143, 153-56 (2d Cir. 2008), in which we held that an alien under a final removal order cannot file a successive asylum application pursuant to 8 U.S.C. § 1158(a)(2)(D) without complying with the procedural requirements, including the timeliness requirements, governing motions to reopen.

Alternatively, Lin argues that she was exempt from the time limitation as she established changed conditions in China. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii). However, substantial evidence supports the BIA's conclusion that she did not establish changed conditions. As the BIA noted, Lin's membership in a pro-democracy party in the United States constituted a change in her personal circumstances, not a change in conditions in China. *See Wei Guang Wang v. BIA,* 437 F.3d 270, 274 (2d Cir. 2006). Moreover, while some evidence in the record could be said to indicate that human rights conditions in China deteriorated in 2008 and 2009, the evidence also indicated that the repression of political dissidents has been constant and ongoing since the time of Lin's hearing in 2006. Accordingly, we defer to the BIA's conclusion that Lin did not establish a material change in country conditions. *See Siewe v. Gonzales*, 480 F.3d 160, 167 (2d Cir. 2007) ("Where there are two permissible views

3

of the evidence, the fact finder's choice between them cannot be clearly erroneous." (quotation omitted)).  Thus, the BIA did not abuse its discretion in denying Lin's motion as untimely.  *See* 8 U.S.C. § 1229a(c)(7)(C)(i), (ii).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4